IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, § § § | |
| Plaintiff, § § | Civil Action No. 4:23-cv-597-ALM-KPJ |
| v. § § | |
| KINGMAN HOLDINGS LLC, *et al.*, § § | |
| Defendants. § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is non-party UIF Corporation's ("UIF") Motion for Leave to Intervene (the "Motion to Intervene") (Dkt. 13), to which Plaintiff U.S. Bank Trust National Association ("U.S. Bank"), as Trustee for RASC 2006-EMX5, filed a response (the "Response") (Dkt. 21), UIF filed a reply (the "Reply") (Dkt. 23), and U.S. Bank filed a sur-reply (the "Sur-Reply") (Dkt. 24). For the reasons that follow, the Motion (Dkt. 13) is **GRANTED**.[1]

### I. BACKGROUND

**A. Factual Allegations**

On June 26, 2023, U.S. Bank initiated this lawsuit by filing the Original Complaint (the "Complaint") (Dkt. 1) against Defendants Kingman Holdings LLC ("Kingman Holdings"), Yasir Lal and Mahwish Lal (the "Lal Defendants"), Mark DiSanti ("DiSanti"), and Ted Blanchard ("Blanchard"). Dkt. 1 at 1. In the Complaint (Dkt. 1), U.S. Bank alleges that it maintains a superior lien on real property located at 218 Love Bird Lane, Murphy, Texas 75094 (the "Property"). *Id.*

---

[1] Although the Fifth Circuit has not addressed whether a motion to intervene is dispositive or non-dispositive, "every federal district court in Texas to do so has concluded that such motions are non[-]dispositive." *Doucet v. Boardwalk Pipelines LP*, No. 20-cv-1793, 2021 WL 3674974, at *1 (S.D. Tex. Feb. 23, 2021) (collecting cases). Thus, the Court may "hear and determine" this "pretrial matter." *See* 28 U.S.C. § 636(b)(1)(A).

1

at 2–4, 8. U.S. Bank further alleges that DiSanti, acting through Kingman Holdings, purchased the Property subject to its lien at a homeowner's association foreclosure sale. *See id.* at 4, 6. Thereafter, U.S. Bank alleges that its lien was purportedly discharged by a defective default judgment obtained by DiSanti, acting through Ohio Gravy Biscuit ("Gravy Biscuit"), an Ohio company. *See id.* at 7 ("Despite [U.S. Bank] being uninvolved in the prior lawsuit, Gravy Biscuit took a judgment that purports to terminate, discharge, and render unenforceable [U.S. Bank's] first lien deed of trust in the Property. . . ."). Once the default judgment was entered, U.S. Bank alleges that "Blanchard assisted in the transfer of title by executing, and having recorded, title documents purportedly conveying the Property through sham entities" and, eventually, to the Lal Defendants. *Id.* at 8. Based on these allegations, U.S. Bank asserts a quiet title claim against the Lal Defendants, contending that its lien "is in all things superior to the [Lal Defendants'] interest in the . . . [P]roperty." *See id.* at 9. U.S. Bank further seeks a declaration that the conveyance of the Property to the Lal Defendants is void. *See id.* at 9–10. Alternatively, U.S. Bank seeks a declaration that the Lal Defendants took title to the Property subject to its superior lien. *See id.* at 10.

**B.     Motion to Intervene**

In the Motion to Intervene (Dkt. 13), UIF represents that it lent the Lal Defendants the funds needed to purchase the Property and, thereby, "has an interest in the Property by way of its deed of trust." Dkt. 13 at 2. Based on this interest, UIF moves to intervene as of right. *See id.* at 1.[2] In support thereof, UIF contends:

> Intervention as of the [sic] right is warranted because: (1) this application is timely; (2) UIF . . . has a sufficient interest in the subject of this suit because it has an interest in the Property; (3) without intervention, the disposition here will, as a practical matter, impair or impede the ability of UIF . . . to protect its interest; and (4) such interest may not be adequately be [sic] represented by the parties to the action.

---

[2] In the alternative, UIF seeks permissive intervention. Dkt. 13 at 1. However, as the Court concludes that UIF may intervene as of right, it declines to address this issue.

*Id.* at 2. In the Response (Dkt. 21), U.S. Bank contends that UIF is not entitled to intervene as of right for three reasons.[3] First, U.S. Bank argues that UIF's lien interest is insufficient to warrant intervention. *See* Dkt. 21 at 3. Second, U.S. Bank argues that, as it is not challenging the validity of UIF's lien, the disposition of this action cannot impair UIF's interest in the Property. *See id.* Third, U.S. Bank argues that, because UIF and the Lal Defendants have "the same ultimate objective," UIF "must show adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.* at 4. According to U.S. Bank, UIF "has made no such showing and[,] as a result[,] its motion must be denied." *Id.*

In the Reply (Dkt. 23), UIF argues that its interest in the Property is more than "purely economic." Dkt. 23 at 3. According to UIF, the existence of its lien gives it a "direct, substantial, legally protectable interest in the proceedings." *Id.* at 2. UIF also argues that the Lal Defendants' presence is insufficient to protect its interest in the Property because U.S. Bank seeks a judicial declaration that its lien has priority over UIF's lien. *See id.* at 3–4. As U.S. Bank has no "interest in protecting the lien priority of its lender," UIF concludes that intervention as of right is required. *See id.* at 4.

## II.    LEGAL ANALYSIS

### A.    Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure provides that "the court must permit" intervention by "anyone" who "claims an interest relating to the property or transaction that is the

---

[3] U.S. Bank also argues that the Motion to Intervene (Dkt. 13) is facially deficient because it was not accompanied by a pleading setting forth the claims or defenses warranting intervention. *See* Dkt. 21 at 3. However, the Motion to Intervene (Dkt. 13) includes a proposed answer, which sets forth several defenses. *See* Dkt. 13-1 at 8. In the Sur-Reply (Dkt. 24), U.S. Bank recognizes its mistake and abandons this argument. *See* Dkt. 24 at 1 ("Through accident or mistake, the version of UIF's motion obtained by U.S. Bank did not have the relevant exhibit attached. U.S. Bank stands corrected . . . .").

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). Accordingly, a prospective intervenor must satisfy four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede [its] ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)) (internal quotation marks omitted). In addition, the Court must take "the movant's factual allegations as true." *Id.* (quoting *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022)).

### 1. Timeliness

Timeliness is determined by reference to "all the circumstances," and the early stage of the proceedings is not dispositive. *See Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1017–18 (5th Cir. 2022) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279 (2022)). In the Fifth Circuit, the timeliness of a motion to intervene is based on four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if

> intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene." *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) (collecting authorities).

In the present case, UIF filed the Motion to Intervene (Dkt. 13) less than two months after this lawsuit was initiated. While "the point to which a suit has progressed is not solely dispositive," *Field*, 35 F.4th at 1017–18 (cleaned up), the fact that UIF sought intervention early in these proceedings strongly indicates that the Motion to Intervene (Dkt. 13) is timely. Furthermore, U.S. Bank does not dispute timeliness; nor does U.S. Bank argue that it was harmed or prejudiced by any potential delay. *See* Dkts. 21; 24. Based on these facts, the Court concludes that the Motion to Intervene (Dkt. 13) is timely. *See, e.g.*, *Lucid Grp. USA Inc. v. Johnson*, No. 22-cv-1116, 2023 WL 4539846, at *2 (W.D. Tex. Mar. 20, 2023) (finding a motion to intervene was timely because it was filed "less than two months after [the] [p]laintiff filed [the] complaint" and the plaintiff did not "contest" the timeliness of the motion).

### 2. Interest

A sufficient interest is demonstrated "when an intervenor shows a 'direct, substantial, legally protectable interest in the proceedings.'" *Field*, 35 F.4th at 1018 (quoting *DeOtte v. Nevada*, 20 F.4th 1055, 1068 (5th Cir. 2021)). The movant must have a "stake in the matter that goes beyond a generalized preference" in the result of the litigation. *See id.* at 1018 (quoting *DeOtte*, 20 F.4th at 1068). The interest element is a "practical guide" seeking to involve "as many

5

apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18 F.3d at 1207 (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)).

In the present case, UIF represents that it lent the funds necessary for the Lal Defendants to purchase the Property. Dkt. 13 at 2. UIF further represents that, in exchange for lending those funds, it received "an interest in the Property by way of its deed of trust." *Id.* U.S. Bank disputes the sufficiency of this interest. *See* Dkt. 21 at 3 ("Of course, having a purely economic interest in the outcome of litigation is an insufficient reason for intervention."). UIF counters that, by virtue of its lien, it has a "direct" interest in the Property *See* Dkt. 23 at 3. The Court agrees with UIF.

UIF represents that it maintains a lien on the Property, which is the subject matter of this litigation. *See* Dkt. 13 at 2. "[T]he Fifth Circuit has repeatedly held that a party with a security interest in real or personal property has a property interest that can support a motion to intervene." *BCL-Equip. Leasing, LLC v. Davis*, No. 15-cv-195, 2016 WL 115696, at *2 (E.D. Tex. Jan. 11, 2016) (collecting cases); *see Gulf Marine Fabricators, LP v. ATP Innovator*, No. 16-cv-430, 2017 WL 1317222, at *2 (S.D. Tex. Apr. 6, 2017) (permitting intervention where the movant claimed a superior lien in the property subject to sale). Such a property interest is quintessentially sufficient to satisfy this element. *See La Union del Pueblo Entero*, 29 F.4th at 305; *see also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) ("[T]he Government in this case is asserting a tax lien, clearly a legally cognizable interest in property, which it seeks to attach to a res that is before the court. Interests in property are the most elementary type of right that Rule 24(a) is designed to protect."). Thus, UIF's interest in the Property is sufficient to support intervention.

### 3. Impairment of Interest

To prove a sufficient impairment, the movant need only demonstrate that "there is a possibility that [its] interest could be impaired or impeded" if the intervention was prohibited. *La*

6

*Union del Pueblo Entero*, 29 F.4th at 307 (citing *Brumfield*, 749 F.3d at 344–45). This requirement is liberal, and it "does not demand that the movant be bound by a possible future judgment." *Brumfield*, 749 F.3d at 344. In the present case, UIF argues that, if U.S. Bank prevails in this action, its lien could be rendered void or, at the minimum, lose priority. *See* Dkts. 13 at 1–2; 23 at 3–4 (contending "a judicial declaration that the conveyances of title [to] the [Lal Defendants]" would render UIF's lien "void"; arguing a judicial declaration that U.S. Bank has a "first position" lien would impair the priority of its lien). U.S. Bank contends that no such impairment would result because "[n]o party has claimed UIF's interest to be invalid or unenforceable" and a possible impact on lien priority is insufficient to satisfy the impairment element. *See* Dkt. 21 at 3.[4] Once again, the Court agrees with UIF.

    U.S. Bank asserts a quiet title claim against the Lal Defendants, arguing that it maintains a superior lien on the Property despite the default judgment purportedly discharging its lien. *See* Dkt. 1 at 8–9. Contrary to U.S. Bank's assertion that it does not challenge the validity of UIF's lien, U.S. Bank seeks a declaration that the conveyance of the Property from Kingman Holdings to the Lal Defendants is void. *See id.* at 9. Alternatively, U.S. Bank seeks a declaration that the Lal Defendants took title to the Property subject to its superior lien. *See id.* at 10. Quite plainly, if U.S. Bank prevails, it would impair or impede UIF's interest in the Property by invalidating UIF's lien or rendering that lien subordinate to U.S. Bank's lien. *Cf. Horgos v. Sararo*, No. 09-cv-163, 2010 WL 11507347, at *2 (M.D. Fla. July 27, 2010) (concluding intervention should be denied because no party sought "a declaration about the ownership of property or the priority of interests in any real property"), *R. & R. adopted*, 2010 WL 11507348 (M.D. Fla. Aug. 26, 2010). Furthermore,

---

[4] In the Sur-Reply (Dkt. 24), U.S. Bank abandons these arguments, instead focusing its briefing on inadequate representation. *See* Dkt. 24 at 3–4.

U.S. Bank cites no authority, binding or persuasive, supporting a contrary position. *See* Dkts. 21; 24. For these reasons, UIF satisfies the impairment element.

### 4. Inadequate Representation

A prospective intervenor has a "minimal" burden to "demonstrate inadequate representation." *Guenther*, 50 F.4th at 543 (quoting *Brumfield*, 749 F.3d at 345) (internal quotation marks omitted). "Consequently, a movant must only show that the existing representation '*may* be inadequate'; this showing need not amount to a certainty." *Id.* (emphasis in original) (quoting *La Union del Pueblo Entero*, 29 F.4th at 307–08). "Although the burden is minimal, 'it cannot be treated as so minimal as to write the requirement completely out of the rule.'" *Cajun Elec. Power Coop., Inc. v. Gulf States Utils.*, 940 F.2d 117, 120 (5th Cir. 1991) (quoting *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984)).

A presumption of adequate representation "'arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit,' in which event 'the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.'" *Brumfield*, 749 F.3d at 345 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc)). "In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case." *Texas*, 805 F.3d at 662. In other words, the intervenor must "specify the particular ways in which [its] interests diverge" and "then identify the particular way in which these divergent interests have impacted the litigation." *See id.* at 663.

In the present case, UIF and the Lal Defendants have the same ultimate objective; that is, they both seek to defend against U.S. Bank's suit to quiet title, thereby ensuring that the Lal Defendants possess title to the Property unencumbered by U.S. Bank's lien. Relying on the

presumption of adequate representation, U.S. Bank argues that UIF fails to demonstrate any adversity of interest, collusion, or nonfeasance on the part of the Lal Defendants and, therefore, should not be permitted to intervene. *See* Dkts. 21 at 4–5; 24 at 3–4. Without contesting the applicability of the presumption, UIF contends that its interests diverge from the Lal Defendants in that UIF seeks to protect the priority of its lien, while the Lal Defendants seek only to preserve their unencumbered ownership of the Property. *See* Dkt. 23 at 3–4. Due to these diverging interests, UIF asserts that—unlike the Lal Defendants—it will argue that its lien maintains priority. *See id.* at 4. The Court agrees with UIF.

Although UIF and the Lal Defendants have the same ultimate objective, they have different interests. Only UIF is interested in preserving the priority of its lien. Furthermore, this divergent interest will impact the litigation insofar as UIF will proffer additional arguments relating to the superiority of its lien. "The lack of unity in all objectives, combined with real and legitimate additional . . . arguments, is sufficient to demonstrate that the representation *may* be inadequate." *See Brumfield*, 749 F.3d at 346 (emphasis in original). Thus, UIF has satisfied each element necessary to intervene as of right and is, as a result, permitted to intervene in this action.

### III. CONCLUSION

For the foregoing reasons, the Motion to Intervene (Dkt. 13) is **GRANTED**.

**So ORDERED and SIGNED this 26th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE